ON REHEARING GRANTED
LOBRANO, Judge.
We granted rehearing in this matter to reconsider our original position that Lemoine is entitled to a scheduled loss rather than the partial disability benefits of La.R.S. 23:1221(3). We now decide he is entitled to the more favorable award. The facts and medical testimony are sufficiently presented in our original opinion. However we erred, as did the trial court, in considering the job market and earnings record of Lemoine as determinative of disability. These factors are important in the actual calculations of Lemoine’s benefits, but do not refute the medical evidence of a permanent impairment of the upper extremity. The trial judge concluded there was a permanent impairment. We find no manifest error in this conclusion, and therefore hold that Lemoine is entitled to the more favorable benefits of La.R.S. 23:1221(3). Jacks v. Banister Pipelines America, 418 So.2d 524 (La.1982).
Awarding Lemoine the more favorable benefits necessitates reversing our holding giving Brice credit on a dollar for dollar basis.[1] Jacks v. Banister, supra, is clear that the credit shall be on a week for week.
Accordingly we hold that Lemoine is entitled to benefits under La.R.S. 23:1221(3) and remand to the trial court for a hearing to determine the correct amount to which he is entitled.
REVERSED AND REMANDED.

. See La.R.S. 23:1223.